945 F.2d 416
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Gloria RIEGER, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 90-3420.
 United States Court of Appeals, Federal Circuit.
 Sept. 12, 1991.
 
 Before PAULINE NEWMAN, LOURIE and RADER, Circuit Judges.
 PAULINE NEWMAN, Circuit Judge.
 
 DECISION
 
 1
 Gloria L. Rieger appeals the decision of the Merit Systems Protection Board, No. SE08318910855, affirming the decision of the Office of Personnel Management (OPM) that she is not entitled to a survivor's annuity under the Civil Service Retirement Spouse Equity Act (the Act). We vacate and remand.
 
 OPINION
 
 2
 During her appeal to the Board Ms. Rieger asserted that she was entitled to a survivor annuity based on the provision of her 1983 divorce decree, which stated, inter alia, that:
 
 
 3
 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Respondent shall be awarded the rights of a surviving spouse in Petitioner's Veterans Administration pension. Petitioner shall not designate anyone other than Respondent as the beneficiary....
 
 
 4
 The OPM brief states that Ms. Rieger informed the administrative judge at a prehearing conference on November 21, 1989 that she had raised this aspect in an application filed with OPM subsequent to the OPM decision on which this appeal is based. This decree appears to be highly pertinent to the issue here decided. See 5 U.S.C. § 8341(h). Thus final adjudication was inappropriate. OPM has apparently so recognized, for OPM states in its brief:
 
 
 5
 Judicial economy requires that the administrative process be completed, and that the record be fully developed before the case is brought to a judicial forum.
 
 
 6
 (citing McKart v. United States, 395 U.S. 185, 193-94 (1969)). We could not have put it better.
 
 
 7
 The doctrine of administrative exhaustion "contemplates an efficacious administrative remedy". Humana of South Carolina, Inc. v. Califano, 590 F.2d 1070, 1081 (D.C.Cir.1978). OPM does not state whether it has, even now, considered whether the divorce decree created a right to a survivor's annuity. Some two years have now passed. OPM, the Board, Ms. Rieger, and now this court have processed an unnecessary appeal, and the petitioner's rights appear to remain unresolved. The OPM brief to this court states:
 
 
 8
 Because Ms. Rieger had submitted the issue to OPM as part of a later application, the potential for conflicting rulings and the duplication of resources would have existed had the AJ addressed the issue in his decision.
 
 
 9
 We agree. It was incumbent upon OPM to remove the issue from the Board--not to pursue it to final decision by the administrative judge, followed by review by the full Board, followed by full briefing to this court, followed by our review, and now our decision. The agency has misperceived its obligations to the petitioner and to the process, and indeed neither OPM nor the Board has met the requirements of McKart, supra. We vacate the Board's decision and remand with instructions that the administrative process be promptly completed.